# LAW OFFICES OF MITCHELL C. ELMAN, P.C.

377 Oak Street, Suite 415
Garden City, NY 11530
Telephone (516)586-6666
Facsimile (516)345-2517

October 12, 2022

**VIA ECF**

The Honorable Ann M. Donnelly
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     USA v. Gonzalito Espinoza
        Docket No. 21-cr-00085 (AMD)

Dear Judge Donnelly:

Please accept this memorandum in connection with Mr. Espinoza's sentencing which is scheduled for November 9, 2022 at 12:00 p.m. before Your Honor.

## PRELIMINARY STATEMENT

On October 6, 2021 Mr. Espinoza appeared before your Honor and entered a guilty plea to Count 1 and Count 2 of the indictment.

At the outset, we respectfully ask the Court to conclude that the Sentencing Guidelines are properly calculated. As a result, the total offense level set forth in the Presentence Report was a Level 13 which results in a sentencing guideline range of 30 months to 37 months. Attached as Exhibit "A" are support letters from Mr. Epinoza's friends and family members, which provide insight into Mr. Espinoza's character and current behavior, a component that is necessary to fashion the appropriate sentence. Mr. Espinoza has a criminal history category of V. Under Count 1, there is no mandatory term of imprisonment. Under Count 2, the minimum term of imprisonment is 5 years (60 months) to run consecutively to any term of imprisonment imposed on Count 1. Mr. Espinoza also has a pending violation of supervised release. Per Policy Statement to USSG Section 5G1.3, in any case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. We are asking that any term of imprisonment be run concurrently.

Honorable Ann M. Donnelly
October 12, 2022
Page 2

## I.   SENTENCING UNDER BOOKER AND PURSUANT TO 18 U.S.C. §3553(a)

Judicial deliberation concerning sentence must, of course, commence with the advisory guideline range. Yet, often, the guidelines reflect a level of artificiality. The numbers accurately compute so that a real challenge to them would be futile. An argument can be made on behalf of Mr. Espinoza that a "non-guideline" reduced sentence is reasonable and appropriate. The circumstances in this case present a powerful scenario for such a reduction below the statutory minimum. Since Booker, it is well settled that the standard of appellate review is reasonableness with respect to the seven factors found in 18 U.S.C. § 3553(a) that a court must consider when sentencing. United States v. Booker, 543 U.S. 220, 261-62 (2005). Therefore, while each of the factors must be considered, a court is not required to weigh any factor more heavily than another and may reasonably accord limited weight to any of the factors, including the sentencing guidelines.

In this Booker era, the challenge of the sentencing court is to provide a sentence that is sufficient but not greater than necessary. In this matter, a non-guideline sentence is sufficient but not greater than necessary to satisfy the ends of justice here. Thus, we urge this Court to impose a sentence of five (5) years with a period of supervised release. In fashioning the appropriate sentence, the Court's challenge is to meet a sentence that is "sufficient but not greater than necessary". In doing so, the Court must consider all of the relevant factors regarding Mr. Espinoza. It is also important to note that Mr. Espinoza had initially been incarcerated on Rikers Island from December 11, 2020 until February 17, 2021 when he was transferred to the Metropolitan Detention Center (MDC), where he has been detained. Mr. Espinoza has been incarcerated during the COVID-19 pandemic

In Gall v. United States, 552 U.S. 38, 49-50 (2007), the Supreme Court held that the guidelines provide a starting point for a reasonable sentence, however, a sentencing court "must make an individualized assessment based on the facts presented." The Court also stated that the sentencing court cannot "presume that the Guidelines range is reasonable." Id. As a result, the sentencing court can use the advisory guidelines to create an appropriate sentence after considering the factors enumerated in 18 U.S.C. § 3553(a). That appropriate sentence may be outside the guidelines range as long as the "justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50.

Honorable Ann M. Donnelly
October 12, 2022
Page 3

## II.     RELEVANT FACTORS PURSUANT TO 18 U.S.C. § 3553(a)

### 1.     Nature and Circumstances of the Offense

Mr. Espinoza fully recognizes the seriousness of the offense to which he pled guilty.   He came before this Court, acknowledged his guilt and continues to accept full responsibility for his conduct.   During his interview with the United States Probation Office in connection with the preparation of the Presentence Investigation Report, Mr. Espinoza acknowledged his conduct relating to this crime without going into specific details. He expressed remorse over the impact that his arrest had on his life, his family and his friends.  As he expressed to the Probation Officer, he is humbled by the love and support that his family has extended him during this difficult time, and that he will abide by any legal or rehabilitative sanctions that the Court considers appropriate in this case.

### 2.     History and Characteristics of the Offender

It is impossible to look at the history and characteristics of Mr. Espinoza without considering the impact of the COVID-19 pandemic.  The courts of this district and nearby districts have recognized the dangers inherent for incarcerated defendants in the BOP system.  In light of this consideration as well as the risk that COVID-19 presents to the BOP system, the defense is respectfully requesting a sentence of 60 months with a period of supervised release.

Mr. Espinoza humbly stands before this Court as a 28 year old prior offender who has expressed deep remorse for his conduct.  Mr. Espinoza has come a long way since his arrest on December 11, 2020.  His girlfriend, Laticia Benitez gave birth to his daughter on September 4, 2021 while Mr. Espinoza has been incarcerated.  Mr. Espinoza has had no disciplinary history while at MDC and has continued to do various work assignments.  He has an extremely close relationship with his parents and two siblings.   All of Mr. Espinoza's family has been extremely supportive during the pendency of this case.

Honorable Ann M. Donnelly
October 12, 2022
Page 4

       In the period of time since the date of the offense, Mr. Espinoza has exhibited a strong sense of post-offense rehabilitation. He has accepted responsibility for his actions. Mr. Espinoza, at 28 years old, understands the seriousness of his conduct and how it was inconsistent with his basic morality and behavior. To that end, he has sought to make amends with his family, the Court, and most importantly, himself. While he is prepared to accept the Court's punishment, he wants you to understand that he is at the crossroads of his life. He asks you to give him a chance. You will not be disappointed.

3.     **§ 3553(a)(2): The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Provide Just Punishment and Deterrence**

       The law requires the Court to **impose a sentence sufficient, but not greater than necessary** to comply with the [following] purposes: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a).

       Mr. Espinoza clearly understands the seriousness of the offense for which he became involved and, as stated to the Probation Officer he is fully prepared to abide by any legal or rehabilitative sanctions that the Court considers appropriate in his case. It is clear that the Court must consider general as well as individual deterrence. Clearly, the severe penalties one faces upon conviction for offenses similar to that for which Mr. Espinoza has pled guilty provides significant general deterrence. In this case, as it relates to Mr. Espinoza specifically, it is clear that his post-arrest conduct, which includes pleading guilty to the instant offense as well as avoiding the use of any illicit substances are indicative of someone who is not likely to re-offend. Clearly, this experience has acted as a specific deterrent to Mr. Espinoza. That being said, Mr. Espinoza does not present any future danger to the community, and he, on his own, has taken steps to improve his future prospects. Mr. Espinoza's remorse for his involvement in this offense is palpable.

Honorable Ann M. Donnelly
October 12, 2022
Page 5

**4.     §3553(a)(3) (The Kinds of Sentences Available); §3553(a)(4)(The Kinds of Sentence and Sentencing Range Established by the Sentencing Guidelines)**

Mr. Espinoza is exposed to an advisory sentencing guideline range of 30 months to 37 months for the offenses to which he pled guilty. The U.S. Probation Department is recommending a sentence of 90 months custody and 3 years supervised release. We are respectfully requesting this Court sentence Mr. Espinoza to a sentence of 5 years with a period of supervised release. Your Honor previously sentenced Mr. Espinoza to 18 months custody with 3 years of supervised release. Mr. Espinoza was on supervised release from September 27, 2019 until the date of arrest on December 11, 2020. The defense is requesting that all sentences run concurrent for a total of 60 months. The defense makes this request because Mr. Espinoza has clearly turned his life around since his arrest on December 11, 2020. This Court is aware that the COVID-19 pandemic is threatening the lives of every inmate in the Federal Bureau of Prisons.

## III.    CREDIT FOR HARSH AND RESTRICTIVE CONDITIONS WHILE IN CUSTODY AT MDC

Mr. Espinoza has been incarcerated since December 11, 2020. We respectfully request that the Court consider that the Bureau of Prisons' ("BOP") stringent pandemic policies have already resulted in Mr. Espinoza serving a much harsher sentence than a defendant normally would under the circumstances in this case. Moreover, with the COVID-19 global pandemic, Mr. Espinoza has had no access and no visits with family and friends, and has had minimal ability to meet with defense counsel in order to prepare for sentencing.

Mr. Espinoza has endured historically harsh conditions during his incarceration. Due to the COVID-19 global pandemic, Mr. Espinoza has remained in custody at MDC, which is no doubt harsher and significantly more restrictive than any BOP facility in the United States by virtue of the fact that it is a detention center with daily turnover, located within one of the busiest urban areas of the country. Notably, he has been restricted to his cell for as many as 23.5 hours per day since the pandemic ensued. Mr. Espinoza was originally incarcerated on December 11, 2020 on Rikers Island, where the conditions were as bad or worse than MDC. Mr. Espinoza was then transferred to MDC on February 17, 2021 where he has remained in custody. Such confinement is akin to being confined in the Special Housing Unit (SHU), where inmates are subject to the similar restrictions following adverse administrative action. He has had limited access to the law library, been denied outside recreational activities, suffered restrictions in visitation, and has not had adequate exposure to the sun. Nevertheless, even when he is ultimately transferred to an institution within the Bureau of Prisons, the COVID-19 pandemic continues to threaten the lives of every inmate at the BOP. The inmate population is housed in close quarters, and no protections put into place by the BOP can guarantee their safety. At a minimum, BOP inmates have also been denied all visitation in order to decrease their exposure to the virus, which has created an unduly grim condition for Mr. Espinoza. These conditions are egregious and should be considered in the formulation of his sentence. Mr. Espinoza's pre-

Honorable Ann M. Donnelly
October 12, 2022
Page 6

existing and well-documented medical condition in which he suffers from asthma and is prescribed an albuterol bronchodilator inhaler place him at significantly greater risk of contracting COVID-19 and/or suffering acutely if he does.

In United States v. Carty, 264 F.3d 191 (2d Cir. 2001) (per curiam) the Second Circuit held "that pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures." Id. at 196; See United States v. Mateo, 299 F. Supp. 2d 201, 207-12 (S.D.N.Y. 2004) (departing downward based on defendant's subjection to sexual abuse by federal detention facility guards and the failure to provide her medical attention during a prolonged and painful child birth); United States v. Francis, 129 F. Supp. 2d 612, 619 (S.D.N.Y. 2001) (departing downward based on defendant's thirteen and one-half month pretrial detention at a state facility where he suffered severe physical and psychological trauma "under qualitatively different conditions than those of pre-sentence detainees in federal facilities operated by the Bureau of Prisons").

As a general matter, however, a departure on this basis lies only "where the conditions in question are extreme to an exceptional degree and their severity falls upon the defendant in some highly unique or disproportionate manner." Mateo. at 208. In Carty, for example, the Second Circuit considered the circumstances of a defendant allegedly held in a four-foot by eight-foot cell with three or four other inmates. There was no light in his cell. He received ten to fifteen minutes per day outside of his cell to bathe and was allowed to make only one phone call per week. He had no running water in his cell. His only toilet was a hole in the ground. He was denied access to paper, pens, newspaper, and radio. While incarcerated in the Dominican Republic, he lost forty pounds. 264 F.3d at 193. The court clarified that, as a matter of law, such circumstances *could* warrant a departure and remanded the case to the district court to consider the appropriateness of such a departure on the facts. Id. at 196-97. (Although on remand, the district court subsequently declined to depart downward on the basis of this defendant's substandard pretrial detention conditions in view of, among other factors, the severity of his crimes and obstruction of justice).

These events have created historical and unduly harsh conditions for Mr. Espinoza, conditions no one should ever have to endure, and should be considered by the Court in the formulation of his sentence. For these reasons, we respectfully submit that a sentence of five (5) years with a period of supervised release is a sufficient punishment for Mr. Espinoza.

Honorable Ann M. Donnelly
October 12, 2022
Page 7

## **CONCLUSION**

Mr. Espinoza has demonstrated an affirmative acceptance of responsibility for the offense. Mr. Espinoza realizes the impact his criminal activity has caused to himself, his friends, and his family. The attached letters describe in detail the type of person Mr. Espinoza is. These are all people who know Mr. Espinoza the best. They know, despite his involvement in criminal activity, that he is a caring, responsible, and selfless individual.

Mr. Espinoza is a decent man who, owing to some poor decisions, was led into making a terrible choice about how to deal with his life situation. The progress he has made in his life since he was arrested clearly shows that this young man deserves a second chance. These numerous letters from his friends and family attest to the decency of this man. These family ties and responsibilities certainly contribute to the conclusion that a sentence of time served with a period of supervised release is warranted to reflect the depth of those ties and the responsibilities they generate.

Thank you for your consideration.

Respectfully submitted,

**/s/ Mitchell C. Elman**

MITCHELL C. ELMAN

Cc:    Andrew P. Wenzel, Esq., Assistant United States Attorney
       Jaime L. Turton, Senior United States Probation Officer

# EXHIBIT "A"

*To This Honorable Court:*

*My name is Herlinda Ruiz , I am the mother of Gonzalito Espinoza who is Defendant on your criminal docket. First of all, please understand that I know that justice must be served. I make no excuses for my son, but during this time, he didn't had the chance to be with his newborn baby he just recently had he's not a bad person he is a person of good moral character with a good heart hes father needs him soo much I don't even wanna picture if something happens to him and my son not being there .I have seen him experience the good and the bad , the ups and the downs , as well as the joys and sorrows in life. He just simply needs more people to believe in him so that he can become the person I know he can be . I strongly believe in Gonzalito Espinoza he has made mistakes but he is incredibly remorseful and is willing to do whatever it takes to make reparations if possible but to do that he needs you to give him an opportunity to have a one more chance you have the last word for my son case and I hope you make a fair decision .*

*Thank You for your time and cooperation.*

Nieves Jimenez de Hernandez
553 58th Street, Apt. N
Brooklyn, NY 11220
718-439-0211

December 16, 2021

**To Whom It May Concern:**

My name is Nieves Jimenez de Hernandez, I am Gonzalo Espinoza grandmother. Gonzalito Espinoza mother is my daughter, which makes Gonzalito my grandson. I live at 553 58th St. Apt N Brooklyn, NY 11220. I am a senior who has a pacemaker and other medical conditions. I am writing this letter with tears in my eyes and beg to whoever is reading this touches their heart and give my grandson another opportunity.

My daughter is a hard-working woman who tries to do everything at home. My daughter tries not to bother no one to help her, but she always trusted and had confidence with my grandson to help us. I am disabled who has trouble walking and when my daughters cannot take me to my doctor appointments, he would make time for me and take me. I like when he goes to do my groceries because he knows exactly what I wanted. When I felt sad because my health gets worse he would always give me emotional support.

Gonzalito is a father of two and he is a good father, please give him the opportunity to see his kids grow up. Seeing my daughter which is his mother, his father, his sisters, nieces cry suffering because he is not here. Brake my heart, is affecting us all emotionally.

Please give my grandchild another opportunity.

If you have any questions, please feel free to call me.

Sincerely, *Nieves Jimenez*

Nieves Jimenez de Hernandez

**State of NY**
**County of Kings**
**City of Brooklyn**

Sworn to before this 22nd day of December 2021

_____ **Notary Public**

BRANDON LE____
NOTARY ____ STATE O_ ___
Reg____ No. ___
Q_____ ___
Comm____ ___





01-09-2022

To whom it may concern:

    I have known Gonzalito Espinoza my entire life. He's my cousin but more like a brother to me. Since I can remember he's always been a good person, he's always helped the family and his kids.He would always help me with my homework whenever i need help. I would call him at any time of the day for whatever reason and he would be there with no hesitation.

    He is a very responsible person. I remember he would help babysit our other cousins and he would never miss a day. You can count on him for anything. His kids need him just as much as the family does.

Sincerely,
Tania Flores
Tania N. Flores

**Jeffrey Huerta**

30th December 2021

to whom it may concern,

I, Jeffrey Huerta has known Gonzalito Espinoza for almost 5 years. He has

helped my family in many ways. If I needed advice in my relationship or work

he is one phone call away because he has always been there for me.

Gonzalito has been there for me emotionally. He has helped my sister with my

homework when I'm not able to help her. He is a very kind and honorable

person. If any questions feel free to contact me at 917-940-4630

Sincerely,

**Jeffrey Huerta**
Jeffrey Huerta

Your Honor ,

The young man who will soon stand before you is my young brother Gonzalito Espinoza before You make any decisions concerning him, I would like to tell you a little more about him.We are a family Of 5 in our childhood we were living with my both parents and my hardworking dad was the only who used to work so then my mom had it to step in and started working in order to survive and pay utilities when my dad was diagnosed with kidney failure so he had it to stop working he was receiving dialysis 3 times a week and used to come ill from dialysis so my mom always used to be working so is when my brother Gonzalito started hanging out with bad friends and started using drugs I don't conceited my brother a bad person deep inside he has a sweet heart he has two kids one who still at this point he still hasn't even meet the only big problem I see here is that he has a big problem consuming drugs which I see he can't stop I please let the court or parole focus on rehabilitation and not only the punishment dor him I really believe he deserves another chance in life is never to late to change .On behalf of my family and myself I thank this court for its time in considering my requests .


Sincerely
Marabelle Ruiz

**Virginia Fuentes**

30th December 2021

To Whom It May Concern,

     I, Virginia Fuentes, have known Gonzalito Espinoza since the day I was born. I am currently 22 years old. He's been nothing but a great role model for me as a big brother. He has given me lunch money when my parents couldn't and he would help me with my homework when both of my parents would go to work. The reason I say he is a role model to me is because he has been there for me when I needed someone. I have always seen Gonzalito With his family because he is such a family person. Gonzalito will give up his plate so his family could eat because that is the way he is.

If you have any question feel free to contact me via email vickyfuentes161@gmail.com or cell number 347-564-7014

Sincerely,

**Virginia Fuentes**

**Ricardo E. Flores**
553 58th Street, Apt. E
Brooklyn, NY 11220
**347-496-5483**

December 16, 2021

**To Whom It May Concern:**

My name is Ricardo E. Flores, and I am writing this letter to support my nephew Gonzalito Espinoza.

I live at 553 58th St. Apt E Brooklyn, NY 11220 for the past 15 years. I work for Pizza Nosh as a Pizza man for over 21 years. I have been knowing Gonzalito since July 2001. I have been married to Gonzalitos's aunt, Nieves Y. Hernandez for many years and I consider Gonzalito my own nephew.

I am happy to write this letter to support Gonzalito. Since he was young he loved to play soccer and always had good grades in school. What I love about him is that he cares for his family. Gonzalito has a father who just got a kidney transplant and he is also diabetic. He is one of the kids that would help his father to go to the groceries, laundry, doctor appointments and cook.

Gonzalito would try to make time to help others, even made time to help my wife, my kids and her mother and father. I have a 15 year old, who suffers of ADHD who takes medication on a daily basis, who has trouble concentrating. Gonzalito would come and help my child with his homework when me and my wife didn't understand. Gonzalito is not a bad person.

I please beg you to who ever is reading this please give him an opportunity to be with us and his two kids he loves.

If you have any questions, please feel free to call me at above telephone number.

Sincerely,
Ricardo E. Flores

State of NY
County of Kings
City of Brooklyn               Sworn to before this 22nd day of December 2021

_____  **Notary Public**





Simon Pacheco
553 58th Street. Apt. N
Brooklyn, NY 11220
929-250-2414

December 16, 2021

**To Whom It May Concern:**

My name is Simon Pacheco, I am writing this letter to support my grandson Gonzalo Espinoza. I live at 553 58th St. Apt N Brooklyn, NY 11220. I know Gonzalo Espinoza because I was married to his grandmother many years ago. I only have two kids with his grandmother. When I met his grandmother she already had kids, which I saw grow up. Gonzalito's mother calls me dad and her kids call me grandfather, including Gonzalito. I am happy to write this letter to support Gonzalito.

I know my grandson Gonzalito since he was born and as he was growing up we knew he was going to be a good kid. He loves to play soccer as he was growing up he became a better player and always had goods grades in school. One of the good things, Gonzalito has is that he likes to help others. I had two kids with his grandmother and now they have their kids, which always had help from Gonzalito with their school projects and homework.

I am a senior who wishes I had the same energy as when I was on my thirty's. I sometimes feel weak. I am also diabetic and Gonzalito would call me and say "Grandpa you need me to get your medicine and go food shopping for you",. that was very nice of him.

Is winter and me and his grandmother are sick with arthritis. besides of our medical condition who is suffering seeing our family and kid sad about Gonzalito not being here. Please who ever is reading I beg for my grandson to have another opportunity to be with us.

If you have any questions, please feel free to call me.

Sincerely,

*SIMON PACHECO*

Simon Pacheco

**State of NY**
**County of Kings**
**City of Brooklyn**

Sworn to before this 22nd day of December 2021

_____ **Notary Public**





Nieves Y. Hernandez
553 58th Street, Apt. E
Brooklyn, NY 11220
347-528-1957

December 16, 2021

**To Whom It May Concern:**

My name is Nieves Y. Hernandez, I am Gonzalo Espinoza's aunt. I currently reside att 553 58th St. Apt E Brooklyn, NY 11220. For the past 15 years I work for King Teleservice NYC 311 as a CCR since July 2005. NYC 311 can provide access to my emergency City Services and information about City Government programs. NYC311 can be contacted 24 hours, 7 days a week. I am currently working evenings shift, sometimes day shifts, Mid-day shits and even overnights shifts.

I know Gonzalito Espinoza since he was born. His mother is one of my older sisters. Gonzalito is very special to me and I have received a lot of help from my nephew. Gonzalito is a person who likes to help his family as I mentioned before.

I work different shifts and I always feel confident to tell him to take my mother to her doctors appointments when I am unable to do go. When my 15 years old daughter needs help with homework he would help her. I would call Gonzalo to go do groceries when I needed to rest. Gonzalito is always a caring. I wish I could have more words to explain he don't only help me but also his parents and sisters. Gonzalito has a diabetic father who for many years was in dialysis and just got a kidney transplant. He was very excited.

He will not only take my mother to her appointments but also took his father. Gonzalito always made time for everyone. Gonzalito is also a father of 2, a boy and a girl who was just born. Is sad to know he is not watching them grow up when he is a father.

Gonzalito has a good reputation in the community, he is known as a person who likes to help in any way he can. I believe in him because he has a heart of gold and he is not a threat to the community and I hope who is reading this letter touches their heart to give him another opportunity.

If you have any questions, please feel free to call me at 347-528-1957.


Sincerely,

*[signature]*
Nieves Y. Hernandez

**State of NY**
**County of Kings**
**City of Brooklyn**          Sworn to ~~before this~~ 22nd day of December 2021

_____ Notary Public

BRANDON LEE MORALES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MO6372839
Qualified in Richmond County
Commission Expires March 26, 2022

January 10, 2022

Guadalupe Ruiz
545-46 street
Brooklyn, NY 11220

To whom it may Concern

My name is Guadalupe Ruiz I am the father of Gonzalito Espinoza. I currently reside in 545-46th street, Brooklyn, NY 11220. First of all I'd like to say I understand my son needs a punishment for what he did but I also know he's a good person with a good heart he's always caring for me specially when I come home from dialysis I'll call him whenever I felt weak he's there for me brings me food. He's a good man also a good father as well. I know he can do better friends than what he had. I just pray to god you make the right decision for him and hopefully Gonzalito realizes what he did was really wrong and understand the consquences now your honour. Thank you very much for your time.

Sincerely
x Guadalupe Ruiz

1/19/22

To whom it may Concern

My name is Rosaria Espinoza. I am Gonzalito Espinoza oldest sister. My address is 38 Bay 8th st. Brookly Ny 11228. I'm a stay at home mom. My brother Gonzalito is a person of good moral character. I realize that might seem hard to believe. given the circustances, but it's true. I have known Gonzalito for 28 years, and in that time I have seen him go through ups and downs. but all the while I have been convinced that he is a decent person. with a good heart. I know Gonzalito has made mistakes, and he is incredibly remorseful, and is willing to do watever it takes to do things right. But to do that he needs you to give him an opportunity to get another chance. I recognize that Gonzalito broke the law, and I do not believe that he should get off without punishment. I just hope you will recognize the power you wield with regard to the future of my brother Gonzalito; and make a fair decision Your Honor.

Sincerely
Rosaria Espinoza

01-05-2022

To whom it may cornern!

I Ryan Santos know Gonzalito Espinoza
Since the day I was born He is my Cusin
he is a Respetfull man Responsoble hard workingman
even Sunday I alway see him helping other
he has a familyto take Care of 2 little Children
he help my grandmother he take her to he
Appaiment Call her every time to reminder her
to take her Medicathion he is horlise man
the Community needs him he helps
other in the neighborhood he is always
Working helping other and always with his
family

Sincerly
Ryen Santos
Cell 718 839.0211

1/2/2022

To Whom it may Concern:

I Maria Pacheco know Goncalatio Espinoza
Since he was Born he is my nephew
I'am going to tell you as a person
Gonzalito Espinoza is a very Respectfull man
Resposible had working most alway helping
other in the neighborhood in community
I Always see him with his famaly
he help his grandmother take her to he
Appainent he always there for everybody
he is harmless he even cooks for
his granparent. We all need him out
the community need his his family needs him
he has two little children they need his father
Thankyou

Sincerly

Maria Pacheco   347·571·3059

Federico Garita Aquino

38 Bay 8th Street

Brooklyn N.y. 11228

1/10/2022

To Whom it may concern

I am writing this letter given my Brother-in-law Gonzalito Espinoza. I want to bring to your light the kind of person that he is despite the grave allegations that he has faced in recent time. I have known him for the past 10 years as a brother. He is a true gentleman and is always true to his words. His enthusiasm has led to many good works in society.

I am very well aware of the charges that he is facing and the consequences of those but looking at the current situation of the bereaved family, and I wold like to plead for leniency. He is a well-mannered gentleman, and I am sure he will learn from this experience and will not think of repeating it.

I hope you look into this matter and consider this character reference letter before passing on any verdict. Gonzalito will strive to make amends and I am sure we will get to see his good works bringing fruitful results to our society again.

Thank you

Yours Sincerely

Federico Garita Aquino